IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANNETTE M. PIERCE                                              PETITIONER

VS.                                    CIVIL ACTION NO. 5:09-cv-43(DCB)
                                       CRIMINAL NO. 5:05-cr-6-002(DCB)

UNITED STATES OF AMERICA                                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner Annette M. Pierce's Motion for an Out of Time Appeal or Alternatively 2255 Motion to Vacate, Set Aside or Correct her Sentences and/or Convictions **(docket entries 131 and 132 in criminal no. 5:05-CR-6)**. The petitioner has also filed supplemental material **(docket entries 137 and 145 in criminal no. 5:05-CR-6)**. Having carefully considered the motion and supplemental material, the government's response, the authorities cited and the applicable law, and being fully advised in the premises, the Court finds as follows:

The petitioner was tried before a jury on January 17-19, 2006, and found guilty of kidnaping (19 U.S.C. § 1201(a)) and car-jacking (18 U.S.C. § 2119). She was sentenced on May 12, 2006, on each count to a term of 110 months imprisonment to be followed by a three year term of supervised release, the sentences to run concurrently. The judgment was entered on May 25, 2006. No appeal was taken. On or about March 17, 2008, the undersigned received the following letter from the petitioner (date stamped March 11,

2008, at the Federal Corrections facility in Tallahassee, Florida):

> Your Honor
>
> My name is Annette M. Pierce. I stood trial before you a while back for kidnapping/carjacking and at the time my attorney was John J. Frasier who is now a Federal Judge himself. You told him at the time the court would provide another lawyer for me from the Public Defender's office and I've heard nothing from anyone since. I don't know if its at all possible but if so I would like to file an <u>out</u> <u>of</u> <u>time</u> appeal, and I am also requesting counsel appointed. I would be grateful for any assistance you may provide.
>
> Sincerely
>
> Annette Pierce

Letter (docket entry 126). On March 27, 2008, the Court entered an Order granting the petitioner's motion for appointment of counsel and referring the appointment to the magistrate judge. Order (docket entry 127). An Order dated March 28, 2008, filed March 31, 2008, reflects that attorney Julie Epps was contacted by the Public Defender's office on March 27, 2008, and "agreed to represent the defendant henceforth as her counsel of record for appeal purposes." Order Appointing Counsel (docket entry 128). On December 29, 2008, the petitioner's attorney requested a transcript of the criminal proceedings. On March 25, 2009, the attorney filed the motion presently pending before the Court.

The petitioner's motion alleges that she is "unlawfully confined because the judgment and sentence under attack were imposed in violation of the Constitution and laws of the United States," and seeks an out of time appeal. As grounds, the

petitioner states that she "timely requested that her court-appointed attorney appeal her case, but he did not do so." 2255 Motion, p. 2.

When a section 2255 motion seeking an out of time appeal is based on ineffective assistance of counsel for failure to perfect an appeal, and the district court finds that the motion is well taken, the proper procedure is for the court to vacate the criminal judgment, resentence the petitioner on the original conviction, advise the petitioner of her rights associated with an appeal, and advise her of the time for filing a notice of appeal. See <u>Rosinski v. United States</u>, 459 F.2d 59 (6th Cir. 1972); <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000). When the petitioner was sentenced, in 2006, former Rules 4(b)(1) and 26(a)(2) of the Federal Rules of Appellate Procedure provided ten days after entry of judgment to file an appeal, excluding intermediate Saturdays, Sundays and legal holidays. The rules were amended, effective December 31, 2009, so that now Rule 4(b)(1) allows 14 days after entry of judgment for filing an appeal.

Since the petitioner did not appeal this Court's judgment, her conviction and sentence became final ten days after entry of judgment, as calculated under the old rules. Her conviction, therefore, became final on June 8, 2006. She filed the instant motion on March 25, 2009, almost three years after her conviction became final. Section 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The petitioner's motion was filed more than one year after her conviction became final, under section 2255(f)(1). She does not assert, under section 2255(f)(3), any right that has been newly recognized by the Supreme Court and made retroactively applicable to her case. Instead, she contends that her motion was filed within one year of discovering facts that could have not otherwise been discovered through the exercise of due diligence under section 2255(f)(4). In addition, she asserts that "the actions or rather the inactions of the government contributed to her erroneous belief that she would be represented by counsel, and her appeal would be filed," citing section 2255(f)(2).

In her motion, the petitioner alleges the following regarding

4

section 2255(f)(4):

> Ms. Pierce was sentenced on May 17, 2006 by the Hon. David C. Bramlette, III, District Court Judge, and the judgment was entered on May 25, 2006. *Doc # 113*. At the time of her sentencing, she was represented by her court-appointed attorney, John J. (Jim) Frasier, III. At the sentencing hearing, Mr. Frasier advised the court that he was leaving private practice and taking an administrative law position in Tupelo, Mississippi. *See, Exhibit A, Transcript of Sentencing Hearing, pp. 32-35*. He requested that the Federal Public Defender's office in the Southern District of Mississippi be appointed to advise Ms. Pierce of her appellate rights. Judge Bramlette advised Woody Bond, the AUSA who was handling the case, to inform the Public Defender's office that Ms. Pierce needed counsel and advised Mr. Frasier to follow up on the appointment. *Id*.
>
> Somehow the Public Defender's office did not receive notification that they were to be involved in Ms. Pierce's case, so Ms. Pierce was not represented and no notice of appeal was filed. *See, Affidavit of Ann Hutzel, Paralegal at the Office of the Federal Public Defender, Exhibit B*.
>
> On numerous occasions, Ms. Pierce has tried to find out from Mr. Frasier and/or the public defender's office about the status of her appeal. Unable to obtain information, she finally in March of 2008 filed a motion to have counsel appointed. (Doc# 126). Counsel was appointed to represent her in filing this motion for out of time appeal on March 31, 2008. (Doc# 128).

Motion, pp. 2-3. In support of her motion, the petitioner has submitted an affidavit in which she states, in part:

> 3. Within ten days of my sentencing, I asked Mr. Frasier to appeal my conviction and sentence.
>
> 4. It was my understanding at the time of sentencing that the Federal Public Defender's Office or some other attorney would be appointed by the court to represent me.
>
> 5. After no one contacted me, I began to write and telephone Mr. Frasier and the Public Defender's Office, but nobody came to help me with my appeal.

5

> 6. I did not know what else to do so I wrote to the judge.
>
> 7. I told Mr. Frasier I wanted to appeal, and but for his failure to contact the Public Defender's Office or file a notice of appeal and/or the failure of the Public Defender's Office to assist me, I would have done so.
>
> 8. I did not know how to appeal myself, and both before and after my sentencing I was incarcerated.

(Affidavit of Petitioner, ¶¶ 3-8). The petitioner has also submitted an affidavit of Ann Hutzel, a paralegal with the Public Defender's Office who states, in part: "In 2008, when Ms. Pierce filed a motion for appointed counsel, our office learned that Ms. Pierce's appeal had not been perfected." (Hutzel Affidavit, ¶ 3).

On June 23, 2010, the petitioner supplemented her motion with the following allegations of fact:

> On numerous occasions after her sentence and incarceration, both Ms. Pierce and her husband tried to reach her trial attorney to find out what was happening in her case. In addition, she contacted the Federal Public Defender's Office, but because they had not been notified about the need to represent her, they told her that they did not know who she was. *See, Letter of Ms. Pierce attached as Exhibit A*. Finally, with the help of one of her counselors where she was incarcerated, she filed a motion with the Court to have counsel appointed. (Doc. #126). Present counsel was appointed to represent her in filing this motion for out of time appeal on March 31, 2008. (Doc. #128).
>
> . . .
>
> In the instant case, Ms. Pierce timely requested an appeal after she was sentenced on May 26, 2006. She was told by the Court and her attorney that the Federal Public Defender's office would represent her and that counsel would file her notice of appeal. In short, she acted diligently. She was entitled to rely on the representations of her attorney, the AUSA and the Court

> that her appeal would be filed. Once she learned that her appeal was not filed, she moved the Court for assistance.

Supplementary Authority in Support of Motion, pp. 2, 4.

With regard to section 2255(f)(2), the petitioner alleges:

> Although more than one year has passed since the judgment was entered in this case, Ms. Pierce is not time barred because the actions or rather the inactions of the government contributed to her erroneous belief that she would be represented by counsel, and her appeal would be filed. *See*, 28 U.S.C. 2255(f) [movant has one year from the time the impediment created by the government is removed]. She did not learn that her appeal had not been filed until after one year after her judgment of conviction was entered.

Motion, p. 5.

The petitioner also relies on the recent case of <u>Holland v. Florida</u>, ___ U.S. ___, 130 S.Ct. 2549 (2010), in which the Supreme Court made clear that the AEDPA statute of limitations is not a jurisdictional bar and may be equitably tolled in appropriate cases. To establish equitable tolling, the petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Id</u>. at 2562, quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). The Fifth Circuit has held that "[c]ourts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." <u>Mathis v. Thaler</u>, 616 F.3d 461, 474 (5th Cir. 2010), quoting <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). See Supplementary Authority in Support of Motion, pp. 2-5; see also Petitioner's

Second Supplemental Motion, filed December 13, 2010, pp. 3-5.

The petitioner's motion and supplements therefore allege three grounds for relief: Section 2255(f)(4); Section 2255(f)(2); and Equitable Tolling.

With regard to whether a section 2255 motion is timely under § 2255(f)(4) based on counsel's failure to file a requested direct appeal, the petitioner is required to file her motion within one year of when she could have discovered, with the exercise of due diligence, that the notice of appeal had not been filed. See <u>Aron v. United States</u>, 291 F.3d 708, 711 (11th Cir. 2002)(relevant inquiry is when movant reasonably <u>could</u> have discovered in the exercise of due diligence that no appeal had been filed).

After receiving the jury's verdict on January 19, 2006, the Court advised the petitioner that she had the right to appeal the verdict and the sentencing. It was then noted that the petitioner was indigent, and that she had the right to appellate counsel. The Public Defender, Dennis Joiner, was present in the courtroom, and he advised the Court, in the presence of the petitioner, that Mr. Frasier had been appointed under the Criminal Justice Act program "until he finishes the appeal and posts a Writ of Cert with the United States Supreme Court." (Trial Transcript).

At the sentencing, on Friday, May 12, 2006, Mr. Fasier advised the Court, in the presence of the petitioner, that he was leaving the practice of law to become a federal Administrative Law Judge in

8

Tupelo, Mississippi, and that he would be assuming that position on Monday, May 15. The Assistant U.S. Attorney, Woody Bond, volunteered to notify Dennis Joiner that a substitution of counsel needed to be made by the Public Defender's office for purposes of filing an appeal. The Court then advised Mr. Frasier that he was released from his obligation to file an appeal on the petitioner's behalf, but requested that he contact the Public Defender's office to confirm that a substitution of counsel would be made. (Sentencing Transcript).

It is well-established that the time period under § 2255(f)(4) "commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)(interpreting 28 U.S.C. § 2244(d)1)(D), the AEDPA state prisoner equivalent of § 2255(f)(4)).

In this case, the petitioner knew that her trial attorney could no longer represent her. She knew that substitute counsel was to be appointed by the Court with the assistance of the Public Defender's office for purposes of assisting her with an appeal. She also knew that no one from the Public Defender's office had contacted her regarding an appeal. The petitioner's § 2255 motion was filed on March 25, 2009. The Court finds that she knew or should have known before March 25, 2008, that no appeal had been filed on her behalf from the judgment of May 25, 2006. Even if the

9

petitioner's letter to the Court of March 11, 2008, could be construed as a § 2255 motion, the Court would still find that Pierce knew or should have known before March 11, 2007, that no appeal had been filed on her behalf. All of the facts proffered by the petitioner could have been discovered by the exercise of due diligence within a short time from the sentencing date.

Nor does § 2255(f)(2) provide relief to the petitioner from the statute of limitations. This subsection provides that the limitations period may run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action." The petitioner has shown an impediment to her filing an appeal from judgment, but she has not shown any impediment to her filing a § 2255 motion, which is the relevant inquiry.

The petitioner also invokes equitable tolling. In order to prove she is entitled to equitable tolling, she must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in the way of her filing a § 2255 motion. Lawrence v. Florida, 549 U.S. 327, 336 (2007). "Garden variety claims of excusable neglect" are not sufficient. Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996). Instead, the petitioner must show "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), such as when

10

the petitioner is actively misled by the respondent, "or is prevented in some extraordinary way from asserting [her] rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is appropriate only when, despite all due diligence, the petitioner is unable to discover essential information bearing on the existence of her claim. Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992). Pierce could have easily learned that no appeal had been filed on her behalf upon the expiration of the time for filing an appeal. See Anjulo-Lopez v. United States, 541 F.3d 814, 819 (8th Cir. 2008)(noting that whether an appeal has been filed is "a matter of public record" and "a duly diligent person could have unearthed that information anytime after the deadline for filing an appeal passed"). Equity will not relieve a petitioner who has sat upon her rights. Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999).

Finally, the Court notes that "[m]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period." Rojuas v. United States, 2011 WL 1467008 at *8 (S.D. Fla. March 21, 2011).

Because the issues in this case have been conclusively decided on the basis of the evidence in the record, and since the petitioner's version of the facts has been accepted as true, the Court finds that an evidentiary hearing is not necessary.

The Court therefore finds that the petitioner's motion to

11

vacate pursuant to 28 U.S.C. § 2255 shall be dismissed as time barred, and the case closed. Accordingly,

IT IS HEREBY ORDERED that the petitioner's Section 2255 Motion **(docket entries 131 and 132 in criminal no. 5:05-CR-6)**, and Supplemental Motion **(docket entry 145 in criminal no. 5:05-CR-6)** are DENIED.

FURTHER ORDERED that the petitioner is not entitled to a Certificate of Appealability, as set forth in the Final Judgment.

A final judgment dismissing this case as time barred, in accordance with Rule 58 of the Federal Rules of Civil Procedure, shall follow.

SO ORDERED, this the 28th day of October, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE